UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60028-MIDDLEBROOKS/BRANNON

ROBERT E. BEAVER, JR., *et al.*,
    Plaintiffs,
v.

INKMART, LLC., *et al.*,
    Defendants.
_____/

## ORDER DENYING DEFENDANT INKMART'S MOTION FOR SUMMARY JUDGMENT

This Cause comes before the Court on Defendant Inkmart, LLC's ("Inkmart") Motion for Summary Judgment (DE 56), filed July 17, 2012. Plaintiffs' filed their Response (DE 76) on August 10, 2012, to which Inkmart filed a Reply (DE 89) on August 20, 2012. The Court has reviewed the record and is fully advised in the premises.[1]

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party, however, bears the burden of coming forward with evidence of

---

[1] The lengthy procedural facts are adequately set forth in my Order on Inkmart's Motion to Dismiss Amended Complaint (DE ___). Further, given that no additional facts have been set forth, I decline to set them out here.

each essential element of their claims, such that a reasonable jury could find in their favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment. *See Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex*, 477 U.S. at 322.

Having considered the evidence, I find that my reasoning in my Order on Defendant's Motion to Dismiss Amended Complaint (DE __) precludes summary judgment. In my Order, I dismissed with prejudice Plaintiffs' claims that were based on any of the alleged promises, predictions, or representations made by Inkmart or Master Franchise Investment, Inc. ("MFI") prior to the Franchise Agreement that were alleged in Counts II and III of the Amended Complaint. Further, I dismissed Count V of the Amended Complaint in its entirety. Plaintiffs' remaining counts and claims survived the Motion to Dismiss (DE 54).

With respect to the claims that remain, I find that there are genuine issues of material fact which preclude entry of a summary judgment. For example, genuine issues of material fact remain with regard to Inkmart's omissions from the Financial Disclosure Document ("FDD"), namely Inkmart's failure to (1) provide Drew Paras' prior position in TechHero, LLC; (2) include

MFI as a franchise seller or broker; and (3) adequately disclose Plaintiff's option rights in Florida. Further, genuine issues of material fact regarding the alleged promises, predictions, or representations made by Inkmart or MFI prior to the Franchise Agreement with respect to Count IV of the Amended Complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Inkmart's Motion for Summary Judgment (DE 56) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this ___7___ day of September, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record