# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-60028-MIDDLEBROOKS/BRANNON

ROBERT E. BEAVER, JR., *et al.*,
     Plaintiffs,

v.

INKMART, LLC, *et al.*,
     Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

THIS CAUSE comes before the Court on Plaintiffs Robert E. Beaver, Jr. ("Beaver") and Inkmart of New England, LLC's ("New England") (collectively, "Plaintiffs") Motion to Stay Proceedings and Compel Arbitration ("Motion") (DE 62), filed July 24, 2012. Defendant Inkmart, LLC ("Inkmart") filed its Response (DE 74) on August 7, 2012, to which Plaintiffs filed a Reply (DE 87) on August 17, 2012. The Court has reviewed the record and is fully advised in the premises.

## I. BACKGROUND

This dispute arises from a Franchise Agreement between Plaintiff Beaver and Defendant Inkmart regarding the purchase and maintenance of an Inkmart Franchise. After the Franchise Agreement was signed and executed, Beaver claims that he came to realize that several of the promises and disclosures that Inkmart allegedly made to him were made disingenuously, and Inkmart failed to comply with the disclosure requirements in the Franchise Disclosure Document.

Within the Franchise Agreement was an arbitration clause, providing, in relevant part:

"The parties agree to submit any claim, controversy or dispute arising out of or relating to this Agreement (and attachments) or the relationship created by this Agreement (and any amendments thereto) including, but not limited to, any claim by Franchisee, or any of the controlling principals, or persons claiming on behalf of Franchisee or the controlling principals, concerning the entry into, the performance under or the termination of the Agreement, or any other agreement between Franchisor or its affiliates and Franchisee, any claim against a past or present officer, director, employee or agent of Franchisor, including those occurring subsequent to the termination of this Agreement shall[,] except as specifically set forth herein and in Section 20.6.2, be referred to Arbitration."

(*See* DE 1-2 at § 20.5(a)). The existence and validity of this clause is not in dispute. (*See* DE 74 at 3) ("Neither party has disputed the validity of the arbitration provision in the Franchise Agreement or the applicability of the FAA in this action."). The Parties signed the Franchise Agreement on August 11, 2010, and Beaver paid to Inkmart the $200,000 required of him under the contract. (*See* DE 52 at ¶¶ 25, 26).

On January 6, 2012, Plaintiffs filed their Complaint (DE 1) against Defendants Inkmart, LLC, Drew Paras ("Paras"), Joe Sullivan ("Sullivan"), and Master Franchise Investments, Inc. ("MFI"), alleging claims in contract and tort, under the laws of Florida, Connecticut, Maine, and the United States. On February 15, 2012, Plaintiffs filed a Motion for Clerk's Default (DE 14) against MFI, and the Clerk entered a Clerk's Default (DE 15) the next day. On April 9, 2012, I accepted Plaintiffs' Notice of Voluntary Dismissal (DE 39) as to Defendant Sullivan only. (*See* DE 40).

Following Defendant Paras' Motion to Dismiss Pursuant to Rule 12(b)(2) (DE 20),[1] I dismissed without prejudice the claims against Defendant Paras on June 6, 2012, allowing Plaintiffs ten days to file an Amended Complaint. (*See* DE 45). Also on June 6, 2012, I granted Inkmart's Motion to Dismiss Plaintiffs' Complaint (DE 22)[2] and allowed Plaintiffs ten days to

---

[1] Plaintiffs filed a Response (DE 26) to (DE 20) on March 12, 2012.
[2] Plaintiffs filed a Response (DE 32) to (DE 22) on March 16, 2012.

replead. (*See* DE 46). In my Order, based on the choice of law provision in the Parties' contract, I barred the Plaintiffs from asserting claims under the laws of Connecticut and Maine, and dismissed the remaining claims for failure to comply with Federal Rule of Civil Procedure 9(b). (*See id.*).

On June 15, 2012, I granted Plaintiffs' Unopposed Motion for Extension of Time (DE 48) to file their Amended Complaint. (*See* DE 49). Following the delay, Plaintiffs filed their Amended Complaint (DE 52) against Inkmart and MFI on June 25, 2012. After the filing of the Amended Complaint, Inkmart filed a Motion to Dismiss Amended Complaint (DE 54) on July 10, 2012, and a Motion for Summary Judgment (DE 56) on July 17, 2012.[3] Finally, on July 24, 2012, Plaintiffs filed the instant Motion to Stay Proceedings and Compel Arbitration (DE 62).[4]

## II. DISCUSSION

While state law governs the interpretation and formation of arbitration agreements, the enforceability of such agreements is governed by federal law. *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001). The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The role of the courts is to 'rigorously enforce agreements to arbitrate.'" *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). The FAA, however, "does not

---

[3] Plaintiffs responded to the Motion to Dismiss on August 1, 2012 and the Motion for Summary Judgment on August 10, 2012. (*See* DEs 72, 76).

[4] On March 7, 2012, Magistrate Judge Ann E. Vitunac issued a Pretrial Scheduling Order (DE 25), requiring, among other things, that the Parties file all pretrial motions and memoranda of law prior to July 16, 2012.

require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 478 (1989); *accord Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997).

When considering a motion to compel arbitration, the FAA directs that the motion be granted if a district court is satisfied that the parties agreed to arbitrate the underlying issue. *See* 9 U.S.C. § 3; *accord* Fla. Stat. § 682.03(1) ("A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof."). "The role of the courts is to 'rigorously enforce agreements to arbitrate.'" *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). In reviewing a motion to compel arbitration, courts must consider three factors: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. *See, e.g., Mercury Telco Group, Inc. v. Emprese de Telecommunicaciones de Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1354 (S.D. Fla. 2009); *Seifert v. U.S. Home Corp., et al.*, 750 So. 2d 633, 636 (Fla. 1999). "The party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 92 (2000). Further, when in doubt, questions of arbitrability should be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Applying the standards set forth above to the instant case, the Parties do not dispute whether a valid written agreement to arbitrate exists, nor do they dispute whether arbitrable

issues exist (elements one and two).  (*See* DE 62 at 4-7; DE 74 at 3, 4).  At issue here is whether Plaintiffs waived their right to arbitration at this very late stage in the litigation.

Despite the strong public policy in favor of arbitration, a party may, by its conduct, waive arbitration.  *S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (citing *Moses H. Cone Mem'l Hospital*, 460 U.S. at 22-23; E.C. *Ernst, Inc. v. Manhattan Constr. Co.*, 559 F.2d 268, 269 (5th Cir. 1977)).  Accordingly, a party that "substantially invokes the litigation machinery" before asserting its right to arbitration may waive that right.  *Id.*  To determine whether a party has waived its contractual right to arbitrate, courts must conduct a two-part test: "First, [they] decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, second, [they] look to see whether, by doing so, that party has in some way prejudiced the other party."  *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011) (internal quotations omitted) (alterations in original) (quoting *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir.2002)).  Further, due to the strong federal policy favoring arbitration, the party who argues waiver "bears a heavy burden of proof" under this test. *Id.* (quoting *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990)).  With this federal policy in mind, I turn to the matter at hand.

Considering the "totality of the circumstances" in this case, it is my determination that Plaintiffs acted inconsistently with the right to arbitration.  There is no doubt that Plaintiffs "substantially invoked the litigation machinery" prior to demanding the right to arbitration.  As noted above, Plaintiff filed a Complaint, an Amended Complaint, a Motion for Clerk's Default, and engaged fully in Inkmart's motion practice.  Plaintiffs have even fully participated in discovery by deposing Inkmart's witness, Drew Paras, and serving Inkmart (1) a document request; (2) a set of interrogatories; and (3) a request for admissions. (*See* DE 87 at 6).

However, Plaintiffs' Motion argues that it did not waive its right to arbitration, despite waiting over six months after commencing the action to file this Motion, because the "barriers to arbitration" were not removed until this Court's June 6, 2012 Order resolving the choice of law questions and dismissing Counts six through eight of the initial Complaint. (*See* DE 62 at 2, 10). Specifically, Plaintiffs argue that the initial Complaint's foreign law claims and request for the extraordinary relief of appointing a receiver precluded them from invoking the right to arbitration. (*See* DE 62 at 2, 9).   I find that this argument is without merit for two reasons.  First, the foreign law claims were indeed within the scope of the arbitration clause, as they were "arising out of or relating to" the Franchise Agreement.  (*See* DE 1-2 at § 20.5).  Thus, the arbitration provision that both parties agreed to covered Plaintiffs' foreign law claims.[5]  Had the Plaintiffs' Amended Complaint changed the scope or theory of the claims, however, Plaintiffs might have been entitled to a "fresh clock" with regard to waiver.  *See Krinsk,* 654 F.3d at 1202-03 (holding that when a plaintiff files an amended complaint that unexpectedly changes the shape of the case, the defendant should be relieved from his waiver).   Second, compelling arbitration would not have precluded Plaintiffs from receiving equitable relief, as nothing in the Franchise Agreement precludes the arbitrator from awarding extraordinary relief to Beaver, the "Franchisee."[6]  Moreover, Plaintiffs could have invoked arbitration early in the proceedings notwithstanding the claims against the original defendants.[7]

I now turn to the final waiver requirement: prejudice to Inkmart.  "In determining whether the party opposing arbitration has been prejudiced, courts consider the length of delay in

---

[5] Plaintiffs' Motion argued in favor of a broad interpretation of the Franchise Agreement's arbitration provision. (*See* DE 62 at 5-6).

[6] Section 20.5(d) of the Franchise Agreement precludes the Franchisor, but not the Franchisee, from seeking extraordinary relief through arbitration. (*See* DE 1-2).

[7] As Paras and Sullivan were officers or directors of Inkmart, the arbitration provision would have been applicable to the claims against them. (*See* DE 1-2 at § 20.5(a); DE 1)

demanding arbitration and the expense incurred by that party from participating in the litigation process." *Krinsk*, 654 F.3d at 1201 (internal quotations omitted) (quoting *S & H Contractors*, 906 F.2d at 1514). "[W]hen a claim is not arbitrable at the time an action is commenced and a timely request has been made, mere participation in discovery does not cause prejudice sufficient to constitute a waiver." *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437, 1440 (11th Cir. 1986). After carefully considering both Parties' argument, I believe that Inkmart will be prejudiced if I were to compel the Parties to arbitrate in response to Plaintiffs' untimely Motion.

As discussed above, the issues in this case were arbitrable when Plaintiffs filed the initial Complaint. Since then, Plaintiffs have filed an Amended Complaint, a Motion for Clerk's Default, Responses to Inkmart's motions, and participated in discovery. Now, with trial on the horizon,[8] Plaintiffs want to prolong the proceedings and seek determination by an arbitrator.[9] Granting such a request would be unjust to Inkmart, as it has spent "tens of thousands of dollars in pretrial proceedings and discovery" that may have been avoided had the demand been made earlier. (*See* DE 74 at 10). Moreover, Plaintiffs' Motion is untimely based on its failure to abide by the Pretrial Scheduling Order (DE 25) issued by Magistrate Judge Vitunac on March 7, 2012.[10] As such, I find that Inkmart would be prejudiced if I were to grant this Motion; Plaintiffs have waived the right to compel arbitration as a matter of law.

Accordingly, it is hereby

---

[8] On January 31, trial in this case was set for the two-week trial period beginning on September 10, 2012. (*See* DE 5). Calendar call is set for September 5, 2012. (*See id.*).

[9] The Eleventh Circuit has noted that the purpose of the FAA is to "relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation." *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990). If I were to stay this matter and compel arbitration, the dispute resolution process would be prolonged and the Parties would arguably incur more costs, thus frustrating the overarching purpose of the FAA.

[10] The Pretrial Scheduling Order (DE 25) requires the Parties to file all pretrial motions and memoranda of law before July 16, 2012. Plaintiffs' Motion was filed on July 24, 2012.

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Stay Proceedings and Compel Arbitration (DE 62) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _____ day of September, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:     Counsel of Record